NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANNA I. ROMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Civil Action No.: 18-3197<br><br>**OPINION** |

**CECCHI, District Judge.**

## I.   INTRODUCTION

Before the Court is Plaintiff Anna I. Roman's ("Plaintiff") appeal seeking review of a final determination by the Commissioner of the Social Security Administration ("Commissioner" or "Defendant") that Plaintiff was not disabled before September 1, 2015 and is only entitled to disability benefits from that date forward.  The issue to be decided is whether the Commissioner's disability determination is supported by substantial evidence.  For the reasons set forth below, the decision of Administrative Law Judge (the "ALJ") is affirmed.

## II.   BACKGROUND

### A.   Procedural Background

Plaintiff filed the instant appeal and an application to proceed in forma pauperis on March 6, 2018. ECF No. 1.  On March 26, 2018, the Court granted Plaintiff's application and Plaintiff's Complaint was filed. ECF No. 2.  Plaintiff is appealing Defendant's decision from June 22, 2017, in which Defendant found that Plaintiff "was not disabled under sections 216(i) and 223(d), respectively, of the Social Security Act through March 31, 2012, the date last insured," but "has been disabled under section 1614(a)(3)(A) of the Social Security Act beginning on September 1,

2015." ECF No. 6-2 at 37.  Plaintiff maintains that she became disabled prior to September 1, 2015 and is eligible for additional disability benefits. ECF Nos. 1, 18.

Plaintiff has filed numerous letters regarding ongoing medical issues that she continues to suffer from and seeks treatment for at present. See ECF Nos. 8, 11, 16.  On April 18, 2019, this Court issued an order directing Plaintiff to submit a brief that contains "a statement of the issues Plaintiff presents for the Court to review, a statement of the case, a statement of facts with reference to the administrative record, an argument as to why the appeal should be granted in Plaintiff's favor, and a short conclusion stating the relief Plaintiff seeks." ECF No. 17.  On May 3, 2019, Plaintiff filed a four-page letter along with over 300 pages of exhibits in response to the Court's order concerning Plaintiff's various medical conditions. See ECF No. 18.  Defendant filed a response to Plaintiff's letter on May 29, 2019 and argued that Plaintiff's "300 pages of additional evidence . . . is not new, material or submitted for good cause," that Plaintiff failed to "raise[] any challenges to the Administrative Law Judge's (ALJ) decision," and that "substantial evidence supports the ALJ's well-reasoned and thorough decision." ECF No. 19 at 1.

### B.  Factual Background

Plaintiff was born on September 21, 1959. ECF No. 6-2 at 49.  She has a graduate equivalency degree. Id.  Plaintiff testified that she spends most of the day sleeping and taking her medication, and cannot concentrate on hobbies or simple tasks because of her pain. Id. at 57.

Plaintiff previously worked as a credit collection agent with several banks and credit collection agencies, and before that worked as a tutor for college students. Id. at 49–50.  According to Plaintiff, she stopped working in 2010 when a muscle in her foot tore. Id at 58.

Plaintiff has sought treatment for both physical and mental maladies.  Plaintiff suffers from fibromyalgia, rheumatoid arthritis, diabetes, and depression. Id. at 51–55.

### III.  LEGAL STANDARD

#### A.  Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Court is not "permitted to re-weigh the evidence or impose [its] own factual determinations," but must give deference to the administrative findings. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *see also* 42 U.S.C. § 405(g). Nevertheless, the Court must "scrutinize the record as a whole to determine whether the conclusions reached are rational" and supported by substantial evidence. *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978) (citations omitted). Substantial evidence is more than a mere scintilla, and is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Chandler*, 667 F.3d at 359 (citations omitted). If the factual record is adequately developed, substantial evidence "may be 'something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Daniels v. Astrue*, No. 08-1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). In other words, under this deferential standard of review, the Court may not set aside the ALJ's decision merely because it would have come to a different conclusion. *See Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x 475, 479 (3d Cir. 2007).

#### B.  Determining Disability

Pursuant to the SSA, in order to be eligible for benefits, a plaintiff must show she is disabled by demonstrating an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Taking into account the plaintiff's age, education, and work experience, disability will be evaluated by the plaintiff's ability to engage in her previous work or any other form of substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). A person is disabled for these purposes only if her physical or mental impairments are "of such severity that [s]he is not only unable to do [her] previous work, but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Decisions regarding disability will be made individually and will be "based on evidence adduced at a hearing." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000) (citing *Heckler v. Campbell*, 461 U.S. 458, 467 (1983)). Congress has established the type of evidence necessary to prove the existence of a disabling impairment by defining a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

  **C.** **Sequential Evaluation Process**

The Social Security Administration follows a five-step, sequential evaluation to determine whether a plaintiff is disabled within the meaning of the SSA. 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the plaintiff is currently engaged in substantial gainful activity. *See Sykes*, 228 F.3d at 262. Second, if she is not, the ALJ determines whether the plaintiff has an impairment that limits her ability to work. *See id.* Third, if she has such an impairment, the ALJ considers the medical evidence to determine whether the impairment is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). If it is, this results in a presumption of disability.

*See id.* at 262-63. If the impairment is not in the Listings, the ALJ must determine how much residual functional capacity ("RFC") the applicant retains in spite of her impairment. *See id.* at 263. Fourth, the ALJ must consider whether the plaintiff's RFC is enough to perform her past relevant work. *See id.* Fifth, if the plaintiff's RFC is not enough to perform her past relevant work, the ALJ must determine whether there is other work in the national economy that the plaintiff can perform. *See id.*

The evaluation continues through each step unless it is determined at any point that the plaintiff is or is not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The plaintiff bears the burden of proof at steps one, two, and four, and the burden shifts to the Commissioner at step five. *See Sykes*, 228 F.3d at 263. Neither party bears the burden at step three. *See id.* at 263 n.2.

## IV. DISCUSSION

### A. Summary of the ALJ's Findings

At step one, the ALJ found that Plaintiff met the insured status requirements of the SSA and had not engaged in substantial gainful work activity since the onset date of the alleged disability. ECF No. 6-2 at 21. At step two, the ALJ determined that Plaintiff suffers from the following severe impairments: "rheumatoid arthritis; diabetes; a disorder of the back with neuropathy; fibromyalgia; obesity (under medical guidelines); a disorder of the right shoulder; a history of foot surgery; and cannabis use." Id. At step three, the ALJ decided that the "severe" conditions listed above were not severe enough, either individually or in combination, to meet any of the impairments in the Listings. Id. Specifically, the ALJ found that the specified criteria for Listing 1.02 (Major Dysfunction of a Joint) were not demonstrated by the available medical evidence because Plaintiff is able to perform fine and gross movements, that the requirements for Listing 1.04 (Disorders of the Spine) were not met because the evidence in the record did not

demonstrate difficulty ambulating, and that the requirements for Listing 14.09 (Inflammatory Arthritis) were not met because the record consistently indicated that Plaintiff did not have inflammation or deformity. Id. at 21–22.  The ALJ also found that Plaintiff's diabetes mellitus and obesity did not, alone or in combination with other impairments, meet the requirements of any Listing. Id at 22.

Next, the ALJ found that Plaintiff had the residual functional capacity ("RFC") beginning on September 1, 2015 to "perform light work as defined in 20 CFR 404.1567(b) and 416.967(b)." Id. at 33.  The ALJ held that based on the medical evidence in the record, Plaintiff can lift 20 pounds occasionally and 5 pounds frequently, sit for six hours of an eight-hour workday, stand or walk for two hours of an eight-hour workday, perform pushing and pulling, perform frequent handling with her right hand and unlimited handling with her left hand, perform frequent fingering with her right hand and unlimited fingering with her left hand. Id. at 34.  Finally, the ALJ ruled that since September 1, 2015, Plaintiff can only perform jobs that require concentration and focus for no more than 6 hours of the 8-hour workday.  Id.

To reach this conclusion, the ALJ considered Plaintiff's symptoms and the extent to which the symptoms are consistent with the objective medical evidence and other evidence presented during the proceeding. Id.  Specifically, the ALJ considered Plaintiff's rheumatoid arthritis, fibromyalgia, disorder of the back, shoulder pain, history of foot surgery, sleep issues, neck pain, numbness, balance difficulties, dyspnea, dizziness, diabetes, nausea, obesity, and cannabis use. Id. at 22–31.  The ALJ discussed the findings and credibility of Dr. Andrew Weinberger, Dr. Alan Friedman, Dr. Allison J. Beitler, and Dr. Robert Lahita. Id. at 31–34.  The ALJ found that Plaintiff continues to report pain which is consistent with her diagnoses and that her concentration and focus are compromised by her symptoms. Id. at 35.

At step four, the ALJ found that prior to September 1, 2015, Plaintiff was capable of performing her past relevant work as an accounts receivable clerk based on the testimony of the vocational expert Ms. Edghill. Id. at 36. This finding was based on Ms. Edghill's testimony that Plaintiff's prior work as an accounts receivable clerk was not precluded by Plaintiff's RFC prior to September 1, 2015 because it was a performed at a sedentary level of exertion and was semi-skilled. Id. In contrast, however, the ALJ held that beginning on September 1, 2015, Plaintiff's RFC did prevent her from being able to perform past relevant work and that there are no jobs that exist in significant numbers in the national economy that she can perform based on her advanced age and limited RFC, requiring a finding that Plaintiff was disabled from that date forward. Id.

**B.    Analysis**

Plaintiff's initial submission and latest filing at the request of the Court do not demonstrate why Defendant's final decision denying her disability insurance benefits should be vacated. *See* ECF Nos. 8 and 18. Although, Plaintiff's submissions update the Court on her medical difficulties, Plaintiff has failed to show that any of the attached records require a different decision from the ALJ below. Plaintiff's voluminous submissions of medical records and letters disagreeing with the ALJ's decision are not adequate grounds for this Court to overturn the ALJ's decision.[1] *See Cruz*, 244 F. App'x at 479 ("The ALJ's decision may not be set aside merely because we would have reached a different decision."). The Court agrees with Defendant that the ALJ's decision is

---

[1] Defendant notes that Plaintiff submitted multiple emergency room reports which show various ailments of differing severity that "would not have changed the outcome of the ALJ's decision." ECF No. 19 at 13–14. By way of example, Defendants state that "Plaintiff submitted emergency room documentation from Saint Barnabas Medical Center from December 2014 with complaints of right shoulder pain; however, X-rays of the right shoulder were unremarkable" and "Plaintiff submitted emergency room documentation from Saint Barnabas Medical Center from May 2015 where, despite complaints of back pain and a urinary tract infection, that pain decreased with medication." Id. at 13.

supported by substantial evidence, properly addressed the five-step sequential evaluation process, reviewed medical evidence in the record regarding Plaintiff's severe impairments, and considered expert testimony regarding Plaintiff's RFC. ECF No. 19 at 14–15. The ALJ's opinion contains lengthy recitations and analyses of Plaintiff's conditions, treatment, limitations, medical records, and relevant personal characteristics such as age, education, and prior employment. Given the ALJ's thorough analysis and lack of substantive briefing from Plaintiff setting forth material errors in the opinion, the Court cannot remand the ALJ's opinion based on a lack of substantial evidence. *See Chandler*, 667 F.3d at 359; *see also Shields v. Comm'r of Soc. Sec.*, 474 F. App'x 857, 858 (3d Cir. 2012) ("It is somewhat difficult to evaluate the meritoriousness of his claim because [plaintiff never filed a brief.").

The Court also agrees with Defendant that remand is not required to consider the additional evidence submitted by Plaintiff as the evidence is duplicative of evidence in the record and is not material because it does not contradict the evidence in the record or impact the analysis of Plaintiff's functional limitations. *See Campfield v. Comm'r of Soc. Sec.*, 228 F. Supp. 3d 87, 114 (D.D.C. 2016) ("In the present case, the undersigned finds that sentence-six remand is unwarranted because Plaintiff's additional evidence is redundant and immaterial."). Plaintiff has not shown good cause to consider any non-duplicative evidence submitted here on appeal, nor has she shown that any such evidence is material and would change the ALJ's findings, thus remand on this ground is inappropriate. *Id.* ("[Remand] is appropriate upon a showing that (1) the evidence is new, (2) the evidence is material, and (3) the claimant has good cause for failing to produce that evidence during a prior proceeding.").

**V.     CONCLUSION**

For the reasons stated above, the ALJ's decision is hereby affirmed. An appropriate Order

accompanies this Opinion.

**DATE:** January 5, 2021

                                                   **CLAIRE C. CECCHI, U.S.D.J.**

9